UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

CHRISTOPHER TAYLOR-KIMBLE,

                              Plaintiff,

v.

                                                                       9:15-CV-1479 (BKS/CFH)

B. DONNELLY, *Correctional Officer*, *Coxsackie*
*Correctional Facility*,

                              Defendant.
_____

**Appearances:**

**James A. Meggesto, Esq.**
Meggesto, Crossett & Valerino, LLP
313 East Willow Street
Suite 201
Syracuse, NY 13203
Attorney for Plaintiff

**Michael G. McCartin, Esq.**
Hon. Eric T. Schneiderman
Office of New York State Attorney General
The Capitol
Albany, NY 12224
Attorney for Defendant

**Hon. Brenda K. Sannes, United States District Court Judge:**

## MEMORANDUM-DECISION AND ORDER

**I.    INTRODUCTION**

      Plaintiff pro-se Christopher Taylor-Kimble, an inmate in the custody of the New York

State Department of Corrections and Community Supervision ("DOCCS"), brought this civil

rights action against Defendant B. Donnelly under 42 U.S.C. § 1983 alleging that Defendant

1

violated the Eighth Amendment by subjecting Plaintiff to excessive force while Plaintiff was an inmate at Coxsackie Correctional Facility ("Coxsackie").  (Dkt. No. 1).

On June 2, 2016, Defendant filed a motion for summary judgment seeking dismissal of the complaint based upon Plaintiff's failure to exhaust his administrative remedies.  (Dkt. No. 16).  This matter was referred to United States Magistrate Judge Christian F. Hummel who, on November 4, 2016, issued a Report-Recommendation and Order recommending that defendant's motion for summary judgment be granted and that Plaintiff's complaint be dismissed without prejudice because Plaintiff failed to properly exhaust his administrative remedies.  (Dkt. No. 20).  On November 14, 2016, Plaintiff filed a "written objection to motion for summary judgment," arguing that he did appeal the denial of his grievance.  (Dkt. No. 21).  The Court construed this submission as an Objection to the Report-Recommendation.  (Dkt. No. 22).  On March 16, 2017, this Court rejected the Report-Recommendation and scheduled an evidentiary hearing to determine material issues of fact as to whether Plaintiff exhausted the administrative remedies available to him.  (Dkt. No. 26).

The Court held an evidentiary hearing on September 28, 2017.  For the reasons set forth below, the Court finds that Plaintiff failed to properly exhaust his administrative remedies and has therefore failed to meet the requirements of the Prison Litigation Reform Act ("PLRA"), 42 U.S.C. § 1997e(a).  Accordingly, Plaintiff's complaint is dismissed without prejudice.

## II.    DISCUSSION

### A.    Exhaustion of Administrative Remedies

"No action shall be brought with respect to prison conditions under . . . []42 U.S.C. § 1983[], or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted."  42 U.S.C. 1997e(a).

This exhaustion requirement "applies to all inmate suits about prison life, whether they involve general circumstances or particular episodes, and whether they allege excessive force or some other wrong." *Espinal v. Goord*, 558 F.3d 119, 124 (2d Cir. 2009) (internal quotation omitted). To properly exhaust his administrative remedies an inmate must complete the administrative review process in accord with the applicable state procedural rules. *Jones v. Bock*, 549 U.S. 199, 218–19 (2007) (citing *Woodford v. Ngo*, 548 U.S. 81, 88 (2006)). "Proper exhaustion demands compliance with an agency's deadlines and other critical procedural rules." *Woodford*, 548 U.S. at 90–91.

The grievance procedure in New York is a three-tiered process. The inmate must first file a grievance with the Inmate Grievance Resolution Committee ("IGRC"). 7 N.Y.C.R.R. §§ 701.5(a)(1), (b). An adverse decision of the IGRC may be appealed to the Superintendent of the Facility. *Id.* at § 701.5(c). Adverse decisions at the Superintendent's level may be appealed to the Central Office Review Committee ("CORC"); the appeal must be submitted within seven days after receipt of the Superintendent's decision. *Id.* at § 701.5(d)(1)(i). Appeals to CORC are date stamped upon receipt, and a copy of the written notice of receipt is returned to the grievant. *Id*. at § 701.5(d)(2)(i). "If a grievant does not receive a copy of the written notice of receipt within 45 days of filing an appeal, [he] should contact the [Inmate Grievance Program] supervisor in writing to confirm that the appeal was filed and transmitted to CORC." *Id.*

However, "[u]nder the PLRA, a prisoner need exhaust only 'available' administrative remedies." *Ross v. Blake*, 136 S. Ct. 1850, 1856 (2016). The Supreme Court has identified three examples of unavailable administrative procedures: (1) those that "operate[] as a simple dead end – with officers unable or consistently unwilling to provide any relief to aggrieved inmates; (2) those that are "so opaque that [they] become[], practically speaking, incapable of use," where

3

"some mechanism exists to provide relief, but no ordinary prisoner can discern or navigate it;" and (3) those where "prison administrators thwart inmates from taking advantage of a grievance process through machination, misrepresentation, or intimidation." *Id.* at 1859–60.

"The Second Circuit has made clear that 'administrative exhaustion is not a jurisdictional predicate,' but rather 'failure to exhaust is an affirmative defense.'" *Kucharczyk v. Westchester Cnty.*, 95 F. Supp. 3d 529, 545 (S.D.N.Y. 2015) (quoting *Giano v. Goord*, 380 F.3d 670, 675 (2d Cir. 2004)).  Thus, "defendants bear the burden of proof and prisoner plaintiffs need not plead exhaustion with particularity."  *Id.* (quotation omitted).

### B.  Evidence Regarding Exhaustion

Whether Plaintiff exhausted his available administrative remedies in compliance with the PLRA turns on whether he appealed the Coxsackie Superintendent's denial of the grievance. It is undisputed that Plaintiff received the Coxsackie Superintendent's denial of the grievance while Plaintiff was an inmate in the Special Housing Unit (SHU) at Clinton Correction Facility ("Clinton").  Plaintiff testified that a couple of weeks after receiving the denial, he completed the appeal section of the form, placed it in an envelope marked "legal mail" and addressed to "CORC, Coxsackie Correctional Facility" and gave it to a Corrections Officer who placed it in a mail collection receptacle.  He further testified that after he did not receive a response to his appeal he sent a second grievance appeal form to Coxsackie, similarly addressed, along with a letter inquiring about the status of his appeal.

The credibility of his testimony, however, is undermined by undisputed evidence and testimony indicating that neither Coxsackie nor CORC has any record of receiving any document from Plaintiff relating to his appeal of the Coxsackie Superintendent's denial of his grievance. At the evidentiary hearing, Tisha Surprenant, the Inmate Grievance Program Supervisor at

4

Coxsackie, testified that any envelope it received addressed to "CORC, Coxsackie Correctional Facility" would have been forwarded to CORC in Albany.  Further, Rachael Seguin, a CORC Inmate Grievance Program employee, testified that CORC would have recorded and docketed the appeal regardless of how it received the grievance appeal form.  Nevertheless, there is no record of Plaintiff's appeal form or letter having been received by either Coxsackie or CORC.  Plaintiff also testified that he has copies of the completed appeal form and letter he sent to CORC "at home."  He has, however, failed to produce a copy at any time during the course of this litigation.  The credibility of this claim is further undermined by Plaintiff's contradictory deposition testimony, in which he previously claimed that he lost the grievance and other paperwork when he "got to Southport."  (Dkt. No. 16-3, p. 51).

Having considered all of the evidence and the demeanor of the witnesses who testified at the evidentiary hearing, I credit the testimony of the defense witnesses and I find that the Defendant has satisfied his burden of proving that Plaintiff did not appeal the denial of his grievance.  I find that administrative remedies were available to Plaintiff, but that he failed to pursue them prior to filing this action.  Accordingly the complaint must be dismissed.

### III. CONCLUSION

For these reasons, it is

**ORDERED** that the complaint (Dkt. No. 1) is **DISMISSED with prejudice**; and it is further

**ORDERED** that the Clerk of the Court is directed to serve copies of this Memorandum-Decision and Order in accordance with the Local Rules of the Northern District of New York; and it is further

**ORDERED** that the Clerk of the Court is directed to close this case.

**IT IS SO ORDERED.**

October 3, 2017
Syracuse, New York

Brenda K. Sannes
U.S. District Judge

6